**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LORINDA MOORE,

                Plaintiff,

vs.                                               Case No. 3:16-cv-857-J-JRK

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

                Defendant.
_____/

## **OPINION AND ORDER**[2]

### **I. Status**

Lorinda Moore ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is a result of problems in "[b]oth knees," a "right hip [being] slightly out of place," "lower back pain," "osteoarthritis in all four areas," and "inflammation." Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed September 8, 2016, at 91, 102; see also Tr. at 201. On February 1, 2013, Plaintiff filed an application for DIB, alleging an onset disability date of May 3, 2010. Tr. at 185-87. Plaintiff's application was denied initially, see Tr. at 91-100, 101, 117-22, and was denied upon reconsideration, see Tr. at 102-11, 112, 126-30.

---

      [1]      Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

      [2]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed September 8, 2016; Reference Order (Doc. No. 13), entered September 9, 2016.

On January 27, 2015, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 29-64. During the hearing, Plaintiff amended her alleged onset disability date to July 28, 2012.[3] Tr. at 32. The ALJ issued a Decision on February 25, 2015, finding Plaintiff not disabled through the date of the Decision. Tr. at 13-23. The Appeals Council then received additional evidence in the form of correspondence from Plaintiff, a housing record, and medical records. Tr. at 4-5; see Tr. at 295-98 (correspondence), 816 (housing record), 817-32 (medical record). On June 7, 2016, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On June 29, 2016, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff makes one primary argument on appeal: the ALJ erred in relying on the testimony of the VE at step five regarding the work she can perform. Memorandum in Support of Complaint (Doc. No. 16; "Pl.'s Mem."), filed September 19, 2016, at 5. Plaintiff's argument focuses on the transferability of her skills and her advanced aged. See id. at 5-10. On January 6, 2017, Defendant filed a Memorandum in Support of the Commissioner's

---

[3] Prior to the application at issue in this appeal, Plaintiff on September 7, 2010 applied for DIB and supplemental security income ("SSI"). Tr. at 68. Those applications are not included in the administrative transcript, but a different ALJ's July 27, 2012 decision denying them is included. Tr. at 68-74. Also, the Appeals Council's October 31, 2012 denial of Plaintiff's request for review regarding the prior applications is included in the administrative transcript. Tr. at 80-82. Plaintiff filed an action in this Court challenging the prior denial, but Plaintiff's Complaint was dismissed as untimely. See Moore v. Colvin, No. 3:13-cv-55-J-25JRK (Order of Dismissal, Doc. No. 21). Thus, the July 27, 2012 denial was the final decision on Plaintiff's prior applications. Recognizing the effect of the prior proceedings, Plaintiff amended the alleged onset disability date for the application at issue to July 28, 2012 (one day after the final prior denial). See Tr. at 32.

Decision (Doc. No. 17; "Def.'s Mem.") addressing the argument raised by Plaintiff. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 15-22. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since July 28, 2012, the amended alleged onset date." Tr. at 15 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: morbid obesity, osteoarthritis of the bilateral knees, and disorders of the spine." Tr. at 15 (emphasis and citation omitted). At step three, the ALJ ascertained that "[Plaintiff] does not have an

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 15 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform sedentary work as defined in 20 CFR [§] 404.1567(a) except with no climbing ladders, ropes, or scaffolding, and only occasional climbing of stairs/ramps; occasional stooping and crouching, occasional push/pull with the lower extremities; no kneeling or crawling, or exposure to vibrations, hazards, or concentrated wet environments; [Plaintiff] must use a cane for ambulation and be able to perform her work from either a seated or standing position to allow for her to change positions at will.

Tr. at 16 (emphasis omitted). At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "service observer." Tr. at 21 (some emphasis, capitalization, and citation omitted). At step five, the ALJ considered Plaintiff's age ("53 years old, which is defined as an individual closely approaching advanced age, on the amended alleged disability onset date" with a subsequent "changed age category to advanced age"), education ("a least a high school education and is able to communicate in English"), work experience, and RFC, and relied on the testimony of the VE to find Plaintiff is capable of performing work that "exist[s] in significant numbers in the national economy." Tr. at 21 (emphasis and citations omitted). Namely, the ALJ identified representative jobs of "Telephone Operator" and "Telephone Answering Service Operator." Tr. at 22. The ALJ

concluded that Plaintiff "has not been under a disability . . . from May 3, 2010, through the date of th[e D]ecision."[5]  Tr. at 22 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ."  Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

---

[5]  It appears the ALJ inadvertently used the original alleged onset disability date, rather than the amended one, in making this ultimate disability finding.  The ALJ, referring to Plaintiff's prior applications, stated early in the Decision that "[Plaintiff's] disability status from July 27, 2012 has already been determined and will not be reconsidered."  Tr. at 13.

-5-

**IV.  Discussion**

Plaintiff contends the ALJ erred in relying on the VE's testimony at step five to find Plaintiff is capable of performing work that exists in significant numbers in the national economy.  Pl.'s Mem. at 5-10.  Plaintiff correctly points out that once an individual reaches fifty-five years old (the advanced age category), the Administration provides that any work the person is able to perform must require very little, if any vocational adjustment.  Id.; see, e.g., 20 C.F.R. § 404.1568(d)(4).  Plaintiff argues that the VE's testimony was flawed because it did not adequately address whether Plaintiff's skills are transferrable with very little, if any vocational adjustment.  Pl.'s Mem. at 5-10.  Further, says Plaintiff, the two jobs identified by the ALJ (in reliance on the VE's testimony) that she can allegedly perform—telephone operator and telephone answering service operator—require more vocational adjustment than permitted.  Id.  Responding, Defendant contends the ALJ's step five findings are supported by substantial evidence.  Def.'s Mem. at 1.

In the fifth step of the sequential evaluation process, an ALJ considers a claimant's RFC, together with the claimant's "age, education, and work experience to see if [the claimant] can make an adjustment to other work."  20 C.F.R. § 404.1520(a)(4)(v); see also 20 C.F.R. § 416.920(a)(4)(v).  As part of this consideration, an ALJ determines whether an individual has acquired skills from prior employment and whether they are transferable.  See 20 C.F.R. §§ 404.1568, 416.968.  With respect to transferability of skills to other employment, the applicable Regulation provides:

> If you are of advanced age (age 55 or older), and you have a severe impairment(s) that limits you to sedentary or light work, we will find that you cannot make an adjustment to other work unless you have skills that you can transfer to other skilled or semiskilled work . . . that you can do despite your

> impairment(s). We will decide if you have transferable skills as follows. If you are of advanced age and you have a severe impairment(s) that limits you to no more than sedentary work, we will find that you have skills that are transferable to skilled or semiskilled sedentary work <u>only if the sedentary work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry.</u> (See § 404.1567(a) and § 201.00(f) of appendix 2.)

20 C.F.R. § 404.1568(d)(4) (emphasis added).

"An ALJ relies on the testimony of a [VE] to determine what level of skill the claimant achieved in his [or her] past work, whether the claimant has transferable skills, and whether the claimant can perform other jobs." Zimmer v. Comm'r of Soc. Sec., 211 F. App'x 819, 820 (11th Cir. 2006) (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir.1999)); see also Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)) (stating that an ALJ may pose a hypothetical question to a VE as part of the determination of whether the claimant can obtain work in the national economy). "The VE's testimony 'trumps' other sources of information with regard to skill level and alternative jobs." Zimmer, 211 F. App'x at 819 (quoting Jones, 190 F.3d at 1229-30). "Unless the VE is proven incorrect, the ALJ may rely on the VE's testimony." Id. (citing Jones, 190 F.3d at 1230).

Here, during the hearing, the ALJ specifically recognized that Plaintiff had turned fifty-five and therefore was in the "advanced age" category according to the Regulations. Tr. at 32-33. The ALJ then stated that, given Plaintiff's RFC and limitation to sedentary work, transferability of skills was the main issue. Tr. at 54; see 20 C.F.R. § 404.1568(d)(4). The ALJ focused on Plaintiff's past job as a wiretapper. Tr. at 54. In questioning the VE, the ALJ asked about the "skills that transfer," to which the VE replied:

> The skills that we're looking at in this particular job . . . are in the work field of system communicating so that's really defined as the transmission of information through electrical or electronic systems which would include telephones. The specific skills are announcing, calling, dispatching, entering, receiving, relaying, retrieving, ringing, sending, transmitting and tuning.

Tr. at 59. The VE testified that there are three "sedentary, semi-skilled level" jobs to which those skills are transferable: "telephone operator, telephone answering service operator and street department dispatcher." Tr. at 58-59. The ALJ then posed the following hypothetical to the VE:

> In looking at those three jobs that these skills would transfer to, if we add these limitations[,] would the person be able to perform at this sedentary level? No climbing of ladders, scaffolding or ropes, only occasional stairs and ramps, only occasional stooping, crouching, pushing and pulling with the lower extremities, no kneeling or crawling, no exposure to concentrated vibrations, hazards, wet environments and a required use of a cane for ambulation. Could they perform those jobs where these skills transfer?

Tr. at 59-60. The VE responded, "So adding those limitations and then looking at these three jobs, those limitations would not interfere with the performance of those jobs Your Honor." Tr. at 60. The VE then repeated the three jobs previously identified and provided the estimated numbers of each job available in the national economy. Tr. at 60-61. In testifying to the rather limited number of jobs available for the street department dispatcher, however, the VE testified that "to be absolutely conservative," that job should be eliminated, leaving the jobs of telephone operator and telephone answering service operator. Tr. at 61, 60-61.

The VE also testified that the two jobs available would permit changing positions. Tr. at 61-62. The jobs, however, would not permit non-scheduled breaks or being off task more than ten percent of the time. Tr. at 62. According to the VE, the testimony about changing

positions and taking breaks was based on his "experience in the field of job analyses [he has] performed over the years and placement and counseling services [he has] delivered to individuals with disabilities over the years." Tr. at 63. Other than the testimony about changing positions and taking breaks, the VE confirmed his testimony was consistent with the Dictionary of Occupational Titles ("DOT"). Tr. at 63.

The ALJ in the written Decision accurately summarized that the VE "was asked if any occupations exist which could be performed by an individual with the same age, education, past relevant work experience, and [RFC as Plaintiff], and which require skills acquired in [Plaintiff's] past relevant work but no additional skills." Tr. at 22. The ALJ adopted the VE's testimony and found that Plaintiff is capable of performing the jobs of telephone operator and telephone answering service operator. Tr. at 22.

The undersigned finds that the ALJ did not err in relying on the VE's testimony. As summarized in detail above, the VE was specifically asked about Plaintiff's transferable skills, and he testified regarding the two jobs Plaintiff can perform with those skills and her other limitations. The ALJ was permitted to rely on that testimony in making the step five findings, and that testimony provides substantial evidence to support the findings. See, e.g., Zimmer, 211 F. App'x at 820 (citing Jones, 190 F.3d at 1229).

Plaintiff argues that the jobs identified by the VE require a skill she does not have: that is, operating a switchboard. See Pl.'s Mem. at 9. This argument fails, though, for two reasons. First, the VE's testimony trumps other sources of information, including the DOT on which Plaintiff relies for making this argument. See Zimmer, 211 F. App'x at 820 (citing Jones, 190 F.3d at 1229-30). Second, complete similarity of skills is not required; rather,

"little, if any, vocational adjustment" is the requirement. 20 C.F.R. § 404.1568(d)(3), (4). The ALJ did not run afoul of this requirement. See, e.g., Barchard v. Comm'r of Soc. Sec., 628 F. App'x 685, 687 (11th Cir. 2015) (finding same). Accordingly, there is no error in the ALJ's step five findings.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on September 13, 2017.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of record